## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

_____

| | |
|---|---|
| **SHIRLEY M. BARBOUR, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **INTERNATIONAL UNION, UNITED** | ) |
| **AUTOMOBILE, AEROSPACE AND** | ) |
| **AGRICULTURAL IMPLEMENT** | ) |
| **WORKERS OF AMERICA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**CIVIL CASE NO. _____**

_____

## NOTICE OF REMOVAL

Defendants International Union, United Automobile, Aerospace & Agricultural Implement Workers of America ("UAW"), UAW Local 1183, and UAW Local 1212, pursuant to 28 U.S.C. §§ 1331, 1337, and 1441, file this Notice of Removal of the above-captioned cause to the United States District Court for the District of Maryland, Baltimore Division.

1.     On February 11, 2008, Plaintiffs filed a Complaint and Demand for Jury Trial against Defendants in their capacities as labor organizations and collective bargaining representatives of a group of employees, including Plaintiffs, at a Chrysler automobile assembly plant in Newark, Delaware.  See Complaint, ¶¶ 27-31. Plaintiffs filed that case in the Circuit Court for Cecil County, Maryland, Case No. 07-C-08-000036.

2.     According to Plaintiffs' Complaint, each Plaintiff is a member in good standing of the UAW, an international labor organization.  Complaint, ¶¶ 28, 31.

1

3.      According to Plaintiffs' Complaint, each Plaintiff is also a member of either UAW Local 1183 or 1212, which each represent workers at the Chrysler automobile assembly plant in Newark, Delaware.  Complaint, ¶¶ 28, 29.

4.      As the Plaintiffs' collective bargaining representatives, Defendants owe Plaintiffs a duty of fair representation.

5.      Plaintiffs maintain that Defendants breached the duty they owe to Plaintiffs. Specifically, Plaintiffs argue that Defendants made material misrepresentations and omissions to each Plaintiff during discussions concerning whether Chrysler would be offering retirement packages, negotiated with the UAW, to UAW members.  Complaint, ¶¶ 125-29.

6.      Plaintiffs also maintain that Defendants' conduct in this respect was negligent, in breach of its duty owed to Plaintiffs.  Complaint, ¶¶ 131-33.

7.      Although Plaintiffs characterize their claims as state law claims, the duty of care that Plaintiff maintains it is owed from Defendant (Complaint ¶¶ 31, 125, 126, 127, 131, 132, 133) is the duty of fair representation (Taylor v. Giant Food, Inc., 438 F.Supp.2d 576, 583 (D.Md. 2006)), which arises from UAW's status from its exclusive bargaining authority pursuant to section 9(a) of the National Labor Relations Act, 29 U.S.C. § 159.  Because the NLRA is an "act regulating interstate commerce," this Court has jurisdiction pursuant to 28 U.S.C. § 1337. See Taylor, 438 F.Supp.2d at 583 n.10; Beck v. Communication Workers of America, 776 F.2d 1187, 1189 (4th Cir. 1985).

8.      Plaintiffs maintain that Plaintiffs Joyce See and Reess Scott:

contacted their Union representatives and asked to grieve or appeal the UAW's false statements to them regarding the offer of a retirement package and retroactive nature of any package subsequently offered.  Both See and Scot were informed by Union officers

that no grievance and/or appeal could be filed regarding this matter.  See and Scott informed the other Plaintiffs regarding the UAW's determination that this matter was not the proper subject of redress through the UAW.

Complaint, ¶ 122.

9.      The grievance procedure Plaintiffs allegedly attempted to invoke is set forth in collective bargaining agreement between UAW and Chrysler.

10.     Whether Plaintiffs were entitled to grieve UAW's conduct requires an interpretation of this collective bargaining agreement, a matter over which federal courts have jurisdiction pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185.  Taylor, 438 F.Supp.2d at 581 (citing AVCO Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers, 390 U.S. 557, 560 (1968)).

11.     Any state claims averred in Plaintiffs' Complaint arise from the same facts as those that support the allegations that Defendants breached the duty of fair representation owed to Plaintiffs.  Accordingly, those claims arise from a common nucleus of operative facts with Plaintiffs' federal law claims, giving this Court supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

12.     A copy of the pleadings served upon the defendants and documents subsequently filed with the Circuit Court for Cecil County, Maryland is filed with this Notice.

13.     Defendants will provide written notification of the filing of this Notice with a copy of the Notice to the Clerk of the Circuit Court for Cecil County, Maryland, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants request that this action proceed in this Court as an action properly removed to it.

Respectfully submitted,

Wendy L. Kahn (Bar No. 02044)
Jeffrey W. Burritt (Bar No. 15015)
Zwerdling, Paul, Kahn & Wolly
1025 Connecticut Ave., N.W. Suite 712
Washington, DC 20036
Phone: (202) 857-5000
Fax: (202) 223-8417
E-mail: wkahn@zwerdling.com

Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2008, a copy of the foregoing Notice of Removal was sent, by first-class mail, postage prepaid, to the attorneys for the plaintiff, Thomas C. Costello and John H. West, West & Costello, LLC, 409 Washington Avenue, Suite 1010, Baltimore, MD 21204.

Wendy L. Kahn

4